IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT J. WHITEMAN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18−cv−1652−MJR |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| WILLIAMS, and | ) |
| FCI DANBURY | ) |
| | ) |
| Respondents. | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Petitioner, currently incarcerated in U.S. Penitentiary Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the loss of good conduct time based on discipline he received at Federal Correctional Institution Danbury, in Connecticut on June 21, 2017. (Doc. 1, p. 2).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

Petitioner lost 27 days of good conduct time based on Incident Report 2991543, which charged him with a violation of Prohibited Act "299 most like 296." (Doc. 1, pp. 19-23).

Petitioner was charged with using another inmate's personal information in an attempt to commit fraud against that inmate over a 2-week period in January 2017. (Doc. 1, p. 21).

Petitioner alleges that his due process rights were violated because the hearing officer acted in an arbitrary and capricious manner. (Doc. 1, p. 7). Petitioner argues that the charging documents are vague, that there was not a clear rule violation, and that the alleged victim gave him permission to act. *Id.* Petitioner asked for the alleged victim to testify, and alleges that the witness was not called, despite his willingness to testify. (Doc. 1, p. 9).

## **Discussion**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly brought in a § 2241 action. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Petitioner alleges that he was not given due process when deprived of his good conduct credit. In the context of a prison disciplinary hearing, due process requires that the prisoner receive: (1) written notice of the claimed violation at least 24 hours before the hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *See Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *Wolff v. McDonnell,* 418 U.S. 539 (1974). A disciplinary decision must be supported by "some evidence" to satisfy due process. *Scruggs*, 485 F.3d at 941 (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (revocation of good conduct credits must be supported by "some evidence" in order to satisfy due process concerns));

*Austin v. Pazera,* 779 F.3d 437 (7th Cir. 2015); *Grandberry v. Smith*, 754 F.3d 425, 426 (7th Cir. 2014).

Petitioner's request for restoration of good conduct credit is properly raised in the habeas petition. *Jones*, 637 F.3d 841 (presenting due process claim); *Waletzki*, 13 F.3d 1079 (denial of good time credits lengthened sentence and brought claim within ambit of § 2241). His claim of specific due process violations in connection with disciplinary charges and hearing are also properly addressed in this habeas action.

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

However, some of the named Respondents must be dismissed. In addition to his custodian, Petitioner has also named the Federal Bureau of Prisons and Danbury Correctional Center as Respondents. Only the custodian is a proper respondent if the petitioner is still incarcerated. *al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004); *Rudolph v. U.S. Bureau of Prisons*, 124 F.3d 204 (table) (7th Cir. 1997) (finding Bureau of prisons is not a proper respondent under § 2241); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Danbury is even less of a proper respondent, as it is a division of the Bureau of Prisons, with no legal existence of its own. Accordingly, Federal Bureau of Prisons and Danbury Correctional Center will be dismissed from this action. Additionally, the Court will substitute William True, as Warden of Marion, Petitioner's present place of confinement for Warden Williams.

**IT IS HEREBY ORDERED** Respondents Federal Bureau of Prisons and Danbury Correctional Center are **DISMISSED**. The Court substitutes William True for Warden Williams as the sole remaining respondent. Respondent shall answer the § 2241 petition (Doc. 1) or

otherwise plead within thirty days of the date this order is entered (**on or before November 13, 2018**).  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 11, 2018**

**s/ MICHAEL J. REAGAN**
**U.S. Chief District Judge**